In the Matter of: **Donald Wayne BERRY, and Marilyn Yvonne Berry, Debtors.**

**Charles E. CURLESS, and Janet M. Curless, Plaintiffs,**

v.

**Donald Wayne BERRY, and Marilyn Yvonne Berry.**

Bankruptcy No. 83–01481–SW. Adv. No. 83–0935–SW.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Dec. 21, 1983.

---

Charles D. Curless, Nichols & Curless, Lamar, Mo., for plaintiffs.

R. Deryl Edwards, Joplin, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL DECREE AND JUDGMENT DENYING THE WITH-IN COMPLAINT FOR RELIEF

DENNIS J. STEWART, Bankruptcy Judge.

This is an action in which plaintiff seeks to have the defendants' discharge in bankruptcy denied on the grounds that they "have failed to keep or preserve books, records, documents, and papers from which their financial condition or business transactions might be ascertained"; that Donald Wayne Berry, "at a meeting of creditors held on June 22, 1983, admitted under oath to having sold or otherwise disposed of various items of property, which items, at the time of such disposition, were subject to a security interest in favor of Charles E. Curless and Janet M. Curless ... [and] that the said Donald Wayne Berry admitted to having disposed of the said property in a manner which is questionable". The defendants

have generally denied the allegations and the action was heard on its merits on September 23, 1983, in Joplin, Missouri.

The facts then adduced in evidence show that the plaintiff had an undisputedly valid and perfected security interest in inventory and equipment which was purchased by the debtors from them;[1] that this property was somehow disposed of by the debtors; that, according to the testimony of Donald Wayne Berry, the inventory was sold during the period of January, February and March 1983, and the equipment and fixtures were sold during December 1982 and January 1983; that, upon purchase, the respective purchasers forthwith removed the purchased property from the premises; that plaintiffs nevertheless claim that they viewed the property on defendants' premises as late as March or April 1983; that the proceeds of the sales were not paid to the plaintiffs; and that the proceeds of the sale of these items can be accounted for only in the most general manner.[2]

Under the standards which have been promulgated by the higher courts, plaintiffs who object to debtors' discharge in bankruptcy on the grounds of removal or concealment of property within the year next preceding bankruptcy with actual intent to hinder, delay and defraud creditors bear a heavy burden.[3] It is said that an

1. The defendants in this action have not made any issue of the validity and perfection of the plaintiffs' security interest in the inventory and equipment.

2. In this regard, the defendant Donald Wayne Berry, in his testimony before the court, explicitly professed an absence of memory. He testified that he "traded in" certain worn out fixtures and gas pumps for new gas pumps; that he sold the "shelving units out in front of the building" to someone as to whose identity he "doesn't have any idea"; that he took the cash register "down to the store in Diamond and sold it with parts and everything else"; that he "doesn't have any idea" as to who purchased them; that he sold the air compressor (which he did not consider to be inventory) in late 1982 or early 1983 to someone whose identity he does not recall; that a supply company in Lamar, Missouri, purchased his parts inventory; that certain other inventory was moved to Diamond, Missouri, and ultimately returned to

NAPA in Kansas City who paid an uncertain amount for the returned parts, perhaps ranging as high as $15,000.00—$20,000.00; that he used the proceeds of this sale to "pay outstanding debts"; that he did not inform plaintiffs about the amounts to be sold; that his store manager conducted the sales, albeit at his specific direction; and that his memory has been impaired since he suffered a series of two or three heart attacks in one day about two years ago.

3. The statutory ground for denial of discharge is set out in § 727(a)(2)(A) of the Bankruptcy Code to the following effect: "The court shall grant the debtor a discharge, unless ... the debtor, *with intent to hinder, delay, or defraud a creditor* or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutiliated or concealed

actual, subjective intention to defraud must be demonstrated as a prerequisite to such a denial of discharge and that it must be done by evidence extrinsic to that which evidences the removal itself. See *In re Adlman,* 541 F.2d 999, 1004 (2d Cir.1976), to the following effect:

> "The reluctance of the courts to find actual intent by a bankrupt to defraud his creditors is illustrated by decisions holding that the exchange by the bankrupt, on the eve of bankruptcy, of non-exempt property for exempt property, is not itself a fraud on his creditors and cannot be the basis for a denial of a discharge absent extrinsic evidence of fraud."

In this action, the plaintiffs contend that such an intention is satisfactorily demonstrated by the statement of the debtors that they had sold some of the property before a time when the same property was reportedly seen by the plaintiffs on the defendants' premises. But such factual misstatements are as easily attributable to faulty memory as they are to fabrication. The plaintiffs also point to the statements of Donald Wayne Berry in which he "stated that he has been a Real Estate Broker for ten years, and in the next breath asks the Court to believe that he does not know what a fixture is as related to real estate, and further asks this Court to believe that he has no idea regarding the purpose of security agreements, financing statements and other relevant documents which would be used in the normal course of business by any Real Estate Broker". But this impeachment, if impeachment it is, is too remote and collateral to the events complained of to suffice as proof of an evil intention in their doing. There is no color of evidence that the provisions of the governing security interest, or of any oral modification thereof, required the debtors to relay forthwith any and all proceeds of sale of the collateral to the plaintiff.[4] And, in the absence of such a provision, the governing decisions of our district court hold that a debtor's good faith belief in his right to dispose of the property on his own account, "even if unreasonable", is sufficient to dispel any finding of fraudulent intention.[5] Accordingly, the court cannot bar the debtors' discharge in bankruptcy on the grounds of removal or concealment of property with actual intent to hinder, delay and defraud creditors.[6]

In response to the plaintiffs' general and unparticularized allegation that the debtors have failed to keep and preserve books and records sufficient to detail their financial history and transactions, the debtors have submitted a summary of the books and records which would demonstrate their income and expenditures for a three-year period next preceding bankruptcy. In an adjourned hearing held on December 16, 1983, in Joplin, Missouri, for the explicit purpose of granting plaintiffs an opportunity to object to its competency, accuracy, admissibility, or the admissibility of underlying documents and to offer any available evidence in opposition to it, the plaintiffs affirmatively declined the opportunity then explicitly granted. The court cannot, therefore, find that the debtors deserve a denial of discharge for failure to keep and preserve adequate books and records.[7] The

---

... the property of the debtor, within one year before the date of the filing of the petition." (Emphasis added.)

4. The text of the security agreement is not among the exhibits submitted to the court. But there is no contention that it contains this requirement.

5. See *Matter of Roberts,* 8 B.R. 291, 293 (D.C. W.D.Mo.1981). See also *Matter of Norton,* 21 B.R. 725, 728 (Bkrtcy.W.D.Mo.1982).

6. If the standard for showing intention were simply to show the intentional violation of a

known right of the plaintiffs, this case might be a much closer one. But it still might lack telling force without any absolute prohibition on the debtors' expending proceeds, or some of them, on their own account. See note 4, *supra.*

7. In the absence of objection after an opportunity accorded to the adverse party to view the underlying documents, the Rule 1006 summary is admissible as evidence. See *United States v. Smyth,* 556 F.2d 1179, 1185 (5th Cir.1977). This uncontradicted evidence in this case must be regarded as satisfactory proof that the debtors have on hand books and records which show the source of all income and the applica-

plaintiffs have complained that these records fail to detail where the proceeds of the inventory and equipment have gone, but it is enough under the circumstances that the defendants have presented unchallenged evidence purporting to show the existence of such records as would contain such an explanation.[8]

It is therefore, for the foregoing reasons,

ORDERED, ADJUDGED AND DECREED that plaintiffs' within complaint for relief be, and it is hereby, denied.

tion of all disbursements for the years in question.